UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| DOMINICK T. PEBURN, ) | |
| ) | CASE NO. 06-30835 (ASD) |
| DEBTOR. ) | |
| | |
| RONALD I. CHORCHES, ) | |
| CHAPTER 7 TRUSTEE, ) | |
| ) | |
| PLAINTIFF, ) | |
| v. ) | ADV. PRO. NO. 10-03022 |
| ) | |
| TRINITY LUTHERAN CHURCH, ) | |
| NEW MILFORD, CONNECTICUT, INC. ) | |
| ) | |
| DEFENDANT. ) | RE: ECF NO. 76 |

_____

APPEARANCES:

Peter J. Royer, Esq.                        Attorneys for Plaintiff/Trustee
David S. Hoopes, Esq.
Mayo Crowe LLC
CityPlace II - 2nd Floor
185 Asylum Street
Hartford, CT 06103

Douglas J. Lewis, Esq.                      Attorney for Defendant
Evans & Lewis
93 Greenwood Avenue
Bethel, CT 06801

_____

**MEMORANDUM OF DECISION AND ORDER ON CHAPTER 7 TRUSTEE'S
MOTION TO RECONSIDER MEMORANDUM OF DECISION AND JUDGMENT ON
COMPLAINT TO RECOVER FUNDS**

ALBERT S. DABROWSKI, United States Bankruptcy Judge

## I. INTRODUCTION

In the present adversary proceeding, Ronald I. Chorches, Esq., the duly appointed Chapter 7 Trustee (hereinafter, the "Trustee"), in his role as representative of the bankruptcy estate, requests the Court to reconsider its *Memorandum of Decision on Chapter 7 Trustee's Complaint to Recover Funds* (hereinafter, the "Memorandum of Decision"), Adv. ECF No. 72, and related *Judgment*, Adv. ECF No. 73, in favor of the Trustee and against the Defendant, Trinity Lutheran Church, New Milford, Connecticut (hereinafter, "Trinity") in the amount of $22,190, arguing that judgment should have entered in his favor in the amount of $40,000. For the reasons stated hereinafter, the Trustee's Motion shall be denied.

## II. PROCEDURAL BACKGROUND

Following a trial held before the Court on November 19, 2012 (hereinafter, the "Trial"), the Court entered the Memorandum of Decision and Judgment on February 26, 2013. Familiarity with the substance, "Procedural Background" and "Findings of Fact", as set forth in the Memorandum of Decision, which is incorporated herein by reference, is presumed.

On March 13, 2013, the Trustee filed a *Motion for Reconsideration* (heretofore and hereinafter, the "Motion"), Adv. ECF No. 76. On March 25, 2013, Trinity filed its *Objection to Motion for Reconsideration* (hereinafter, the "Objection"), Adv. ECF No. 80. The Motion and Objection came before the Court for a hearing held April 4, 2013, at which the counsel for the parties appeared and submitted the matter to the Court on the papers.

## III. DISCUSSION

The Court finds three separate reasons to deny reconsideration of this matter.

*I.    Plaintiff's Failure to Comply with Local District Court Rule 7(c)*

First, Local District Court Rule 7(c), applicable in bankruptcy proceedings by D. Conn. LBR 1001-1(b), requires motions for reconsideration be filed and served within fourteen (14) days of the filing of the decision or order. The Memorandum and Judgment were filed on February 26, 2013. However, as the Trustee did not file the Motion until March 13, 2013 – fifteen (15) days after the filing of the Memorandum of Decision – the Motion was untimely filed.

Moreover, Local Rule 7(c) requires that the memorandum accompanying that a motion to reconsider set forth "concisely the matters or controlling decisions which counsel believes the court *overlooked* in the initial decision or order"[1] (Emphasis added). The Motion principally relies on two cases,[2] *Vines v. Orchard Hills, Inc.*, 181 Conn. 501, 435 A.2d 1022 (1980) and *Stabenau v. Cairelli*, 22 Conn. App. 578, 577 A.2d 1130 (1990), not for the proposition that these cases were "overlooked," but rather simply asserting the Trustee's view that these decisions were, in effect, misread or misunderstood, by the

---

[1] It appears that the Trustee is clearly aware of this requisite in having stated "the standard for granting a motion for reconsideration is strict . . . [t]he moving party must "point to controlling decisions or data that the court overlooked . . . ." Motion, p. 3 (citations omitted).

[2] As substantive support for the Motion, the Trustee cites therein two other cases, *Norwalk Door Closer Co. v. Eagle Lock & Screw Co.*, 153 Conn. 681, 689, 220 A.2d 263 (1966) and *St. Margaret's-McTernan School, Inc. v. Thompson*, 31 Conn. App. 594, 598 (1993), both in the context of a discussion of *Vines v. Orchard Hills, Inc.*, and *Stabenau v. Cairelli*. Motion at 6. Reference to *Norwalk Door* also appears in the Memorandum of Decision, p. 12.

Court.³ Thus, on these two bases alone, (i) because the Motion was untimely filed, and (ii) fails to identify, or even argue, the existence of relevant controlling decisions overlooked by the Court in the Memorandum of Decision, it should be denied. *Sheriden Woods Health Care Ctr., Inc. v. Floyd (In re Floyd)*, 2007 Bankr. LEXIS 1303 *2 (Bankr. D. Conn., April 12, 2007).

II      *Substantive Standards Applicable to Motions to Reconsider*

While motions for reconsideration under Rule 60(b) are addressed to the sound discretion of the court, *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990),

> [t]he standard for granting motions for reconsideration is strict; motions for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *In re NatTel, LLC*, No. 3:07-mc-285 (SRU), 2010 U.S. Dist. LEXIS 73998, 2010 WL 2977133, *1, slip op. (D. Conn. July 22, 2010) (internal quotations and citations omitted).

---

³In fact, the Memorandum of Decision, p. 8, V. Discussion, the Court's consideration of applicable law begins with

> "The law is clear in the State of Connecticut and elsewhere that a court will not enforce a liquidated damages clause in a contract for the purchase of real estate if two conditions are met: first, that the purchaser responsible for the breach did not act "willfully," and second, if the purchaser can establish that the seller was unjustly enriched because the damages suffered by the seller were less than the moneys received from the purchaser. *Vines v. Orchard Hills, Inc.*, 181 Conn. 501, 510, 435 A.2d 1022 (1980).

In addition, reference to *Vine v Orchard Hills, Inc.,* appears twice more in the Memorandum of Decision, pp. 12, and 14, hardly representative of a relevant decision "overlooked" in the analysis. Similarly, extensive quotations *from Stabenau v. Cairelli* are included in the Memorandum of Decision, pp. 9 and 12.

*Sagecrest II LLC v. ACG Credit Co. II, LLC (In re Sagecrest II, LLC)*, 2012 Bankr. LEXIS 502 *2 (Bankr. D. Conn. February 16, 2012).

The Motion alleges no intervening change of controlling law, the availability of new evidence, or need to correct a clear error or prevent manifest injustice. As already noted the Trustee merely seeks to relitigate issues already decided by asking the Court to consider once more case law he believes to have been erroneously interpreted by the Court. Alleged errors of this nature are for the appeal process.

*III. There Is No Merit to the Motion.*

Even if the Court were to reconsider the matter on its merits, the Court would not alter its decision.

> A clause fixing damages for a contractual breach . . . may be a permissible liquidated damages clause, rather than an illegal penalty clause, "if three conditions are satisfied: (1) The damage which was to be expected as a result of a breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract." (Internal quotation marks omitted.) *American Car Rental, Inc. v. Commissioner of Consumer Protection*, [273 Conn. 296], 307 [2005] , *quoting Berger v. Shanahan*, [142 Conn. 726], 731-32 [(1955)].

*HH East Parcel, LLC v. Handy & Harman, Inc.*, 287 Conn. 189, 205, 947 A.2d 916 (2008).

In addition to the reasons stated in the Memorandum of Decision, the Court notes that sophisticated parties negotiated for a liquidated damages provision in this matter. Dominick T. Peburn (hereinafter, the "Debtor") testified that he had been involved in hundreds of prior real estate deals. ("[W]here experienced parties and their attorneys had multiple opportunities to examine the contracts and discuss their terms, including the

5

liquidated damages clauses, we conclude the evidence supports the district court's finding that the liquidated damages clauses were the result of reasonable endeavor by the parties to fix compensation"). *HH East Parcel, LLC v. Handy & Harman, Inc.*, 287 Conn. at 206, *quoting*, *Hendricks Property Management Corp. v. Birchwood Properties Ltd. Partnership*, 2007 ND 181, 741 N.W.2d 461, 470 (N.D. 2007).

A liquidated damages clause reflects an understanding that some types damages are difficult to prove. This adversary proceeding is a case in point. While the Defendant did make an adequate showing that it suffered actual monetary damages, including the additional mortgage payments it was forced to make as a consequence of the Debtor's inability to close as agreed, it was unable to produce the necessary proof to establish its other major claim of damages, namely that "offerings" (donations) to the church fell off during the period of time the Supplemental Deposit payments were delayed and the sale was unconsummated, because parishioners were concerned about the church's financial future. Such a claim, while possibly real was not susceptible to the kind of proof that would easily convince a court, and for that reason is exactly the type of damages that are intended to be dealt with by a liquidated damages provision. Further, damages resulting in cases of this kind where property is removed from the market for an extended period of time, coupled with a buyer's breach, is not easy to quantify. Thus, the liquidated damages clause was intended to and did encompass the types of damages not easily established by the Defendant.

The Trustee ignores the prior rulings of the Connecticut courts which make clear that if a liquidated damages provision is valid as it is here, the burden does not lie with the Defendant to prove its actual damages, at least to the extent that the liquidated damages

6

do not exceed 10% of the sale price. Requiring it to do so would eliminate the benefit conferred by a liquidated damages provision. At the Trial, the Trustee was only able to prove that the Defendant's liquidated damages could be offset by the higher sale price it derived months later by selling its property to another buyer. And even there, the Court in the Memorandum of Decision gave the Trustee the benefit of the doubt. Although the Defendant did not make the argument, the Defendant could have taken the position that since six months had past since the Debtor and Defendant had entered into their purchase agreement (with the Debtor first breaching the agreement April 1, 2005, when he failed to make a required Supplemental Deposit payment), that the higher sale price agreed upon by Bhudiper Singh, the subsequent purchaser, in August 2005, merely reflected an increase in real estate values. In *Vines v. Orchard Hills, Inc.*, 118 Conn. at 513-514, the Connecticut Supreme Court held that simply because a seller was, after the breach, able to sell the property for a higher price, was not alone sufficient to establish that the seller was not injured. "Benefits to the seller that are attributable to a rising market subsequent to the breach rightfully accrue to the seller.*" Id.*

Reconsideration of the holdings of the identical cases relied upon by the Court in rendering the Memorandum of Decision, against the background of the additional arguments made by the Trustee in the Motion, has failed to persuade the Court that its original decision was erroneous. As the Court continues to believe it justly, correctly and properly decided this matter in the Memorandum of Decision there is no reason or basis to modify or alter that decision.

## VI. CONCLUSION

For the reasons stated herein, the Trustee's Motion should be, and hereby is, **DENIED**.

**IT IS SO ORDERED.**

Dated: April 5, 2013                              BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge